WILLIAM HADDAD v. THE STATE.

No. 5662.   Decided February 4, 1920.

Permitting Female Employee to Work More Than Nine Hours a Day—Insufficiency of the Evidence—Charge of Court.

Where the alleged female employee agreed to work nine hours a day, and one hour each day was occupied by her in taking her meals in a restaurant from which she was called away at times to wait upon customers, this time which she occupied at meals should not be discounted from her terms of employment, but the time during which she left the restaurant on other occasions should be deducted, and a refusal to submit a charge on this latter phase of the case was reversible error, and the conviction could not be sustained.

Appeal from the County Court of Smith.   Tried below before the Hon. W. R. Castle, judge.

Appeal from a conviction of unlawfully permitting a female employee to work more than nine hours a day. etc.; penalty, a fine of fifty dollars.

The opinion states the case.

*Simpson, Lasseter & Gentry,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violation of Article 1451-h of the Penal Code, which prohibits an employer from permitting his female employe to work more than nine hours a day, or fifty-four hours during a calendar week.   The facts show that the girl was about twenty years of age and was employed by appellant to work in his cafe; that she agreed to work from 8 in the morning to 1:00 p. m., and from 3 p. m. to 7 p. m.   It is also shown that she was at the cafe and ready for work at 8 a. m. and waited upon the table until 1 p. m. and also went on duty at 3 p. m. and so remained until 7 p. m.; that some of the work was very light and sometimes practically none, except from about 11 in the morning until 1 p. m., and from 5 to 7 p. m.; that about one hour each day was occupied by her taking her meals; that these meals were taken at the cafe where she worked, and sometimes while eating her meals she was called off to wait upon customers at the table; that on several occasions, number of times not stated, during her working hours she would take time off and go about the town doing such things as her fancy would dictate; that during these times she was absent from the café and was not on duty nor in any way serving her employer.   Neither the length of time nor the

number of times of these outings is stated. She also testified that she did not return to her work during one entire evening, which would discount her time four hours. Appellant testified that she was off two entire evenings when she did not work or return to her work.

It is contended that the time she used in eating her meals, or practically one hour a day, should be discounted from the nine hours if she only worked one day or the one hour per day should be discounted from the fifty-four hours. If this is correct, then her employer was entitled to a discount as against the fifty-four hours of seven hours. That he should not be charged under the allegation or theory of fifty-four hours with the time that she was visiting about the town and the one or two evenings when she failed to present herself in her employment and was absent. We are of opinion that the time she occupied at meals should not be discounted from her terms of employment; that she was in the cafe and was ready to discharge her duties, and sometimes was called from her meals while eating to wait upon customers. This we think shows that she was in the employ of her employer, and he was not entitled to credit as against the fifty-four hours for such time. But we are further of opinion that her absence on other occasions above mentioned should be deducted from the fifty-four hours. She was not working under employment, was absent from it, and was not subject to the calls of duty of her employer, but she was in position where she could not work nor be required to work. This was voluntary on her part. She was not rendering any service, or in position to do so. This became a serious issue on the trial of the case. The court refused to charge that appellant would be entitled to the benefit of such absence as was shown by her testimony as well as that of others, and there seems to be no conflict in the testimony on this unless it be found in the fact that appellant stated she was absent two entire evenings, whereas she stated she was absent one. The fifty-four hours mentioned in the statute refers to hours to be economized under her employment and in pursuance of her contract. It does not include hours when she is not subject to such contract and was not in the discharge of her duties. Appellant excepted to the court's refusal to submit such issue to the jury and requested special charges in writing which did submit the question. These charges were to the effect that if her absence during the week was of a sufficient length of time to reduce her working hours to or below the fifty-four hours specified in the statute, appellant was entitled to it and should be acquitted. We are of opinion these are substantially the charges asked and should have been given by the court. Appellant would not be guilty unless he caused the girl to work in excess of the stipulated fifty-four hours. It was a matter of fact whether she did or did not work in excess

of the fifty-four hours. It is not the province of the court to decide a question of fact or solve a doubt on such facts against the accused. The jury should have had a proper charge and if they should find he did not cause her to work in excess of fifty-four hours he should have been acquitted. It is the work of the female required by the employer in excess of fifty-four hours that constitutes the offense. If that has not been shown, the law has not been violated.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*